NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS LORENA DIAZ, AKA Santos Lorena Beltran-Ruiz, AKA Lorena Diaz, | No. 16-72809 |
| Petitioner, | Agency No. A089-668-363 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019**
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and ROSENTHAL,***
District Judge.

Santos Lorena Diaz, a native and citizen of Mexico, petitions for review of

an order of the Board of Immigration Appeals dismissing her appeal of an

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Immigration Judge's denial of asylum,[1] withholding of removal, and deferral of removal under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252.[2] We review the Board's factual findings for substantial evidence and will uphold those findings unless the record compels the court to conclude differently. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019) (citing *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013)). When the Board determines that a noncitizen was convicted of a "particularly serious crime," we review for abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012). When, as here, the Board expressly adopts the Immigration Judge's decision, we review both

---

[1] Diaz does not challenge that she is ineligible for asylum, because she was convicted of an aggravated felony. 8 U.S.C. § 1158(b)(2)(B).

[2] Section 1252 provides that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order or removal against an alien who is removable by reason of having committed" certain criminal offenses, but preserves jurisdiction over "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(C)-(D). The United States Supreme Court recently granted certiorari in *Nasrallah v. Barr*, No. 18-1432 (Oct. 18, 2019), which presents the question "[w]hether, notwithstanding Section 1252(a)(2)(C), the courts of appeals possess jurisdiction to review factual findings underlying denials of withholding (and deferral) of removal relief." Petition for a Writ of Certiorari, *Nasrallah v. Barr*, No. 18-1432 (May 14, 2019). We decide this case in accordance with current Ninth Circuit precedent, under which we have jurisdiction over Diaz's challenge to the denial of deferral of removal under the CAT. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Because any determination by the Supreme Court that we lack jurisdiction would have no effect on the outcome of this case, we proceed under our existing caselaw.

decisions. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We deny the petition.

Diaz argues that the Board erred by finding that she was convicted of a "particularly serious crime," making her ineligible for withholding of removal. In 2011, police arrested Diaz and her coconspirators after she made phone calls facilitating the sale of about seven kilograms of cocaine. She was convicted of conspiracy to distribute and possess cocaine with the intent to distribute, though she never personally handled the cocaine or the money. Drug-trafficking convictions are presumed particularly serious crimes, but a petitioner seeking to withhold removal may rebut the presumption by showing six criteria—two of which are that the crime involved "a very small quantity of controlled substance," and "merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy." *Matter of Y-L-*, 23 I. & N. Dec. 270, 276–77 (A.G. 2002); *see also Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (allowing this presumption).

Diaz argues that her conviction involved no drugs because she was convicted only of conspiracy, and her involvement was peripheral because she only made phone calls. While Diaz did not handle the cocaine herself, she facilitated the sale, believing that it involved 50 to 100 kilograms of cocaine. Even though the actual amount was about seven kilograms, this is not a "very small quantity" of cocaine.

3

The fact that a conviction is for conspiracy, and not the substantive offense, does not make a petitioner's involvement "peripheral." *Matter of Y-L-*, 23 I. & N. at 276–77 (requiring "merely peripheral involvement by the alien in the criminal activity, transaction, *or conspiracy*" (emphasis added)). The Board did not abuse its discretion by finding that Diaz failed to show all the required criteria to rebut the presumption that she was convicted of a particularly serious crime.

Diaz also argues the Board erred by finding that she failed to prove that, more likely than not, she would face torture if removed to Mexico. She testified that after her arrest, her sister and relatives of some of the coconspirators threatened to harm her and her family members, if they returned to Sinaloa, Mexico. Her sister was the only source of her information about other threats. Diaz believed that these relatives considered her to be a government informant. Evidence documenting conditions in Mexico shows a general level of crime and violence, particularly from drug cartels, including against informants.

Deferring removal under the Convention Against Torture requires the petitioner to prove that it is more likely than not that she will be tortured in the country of removal, with the acquiescence of public officials. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005); 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1). The Immigration Judge must consider all evidence relevant to future torture, which includes information about conditions in the country of

4

removal. 8 C.F.R. § 1208.16(c)(3). Diaz's evidence shows a general possibility of torture in Mexico, but does not show, more likely than not, that she would be a particular target for torture. Diaz admitted that she received no threats after 2012, even after release from custody. The Board also found that Diaz could avoid danger by relocating away from Sinaloa. And while evidence of country conditions alone can carry heavy weight in the analysis, Diaz's evidence about conditions in Mexico does not establish that she will more likely than not suffer torture if returned to Mexico. *See Kamalthas v. INS*, 251 F.3d 1279, 1280, 1283 (9th Cir. 2001) (the Board erred by not considering country conditions when the petitioner was of the same ethnic group widely reported to suffer torture in Sri Lanka). The record here does not compel us to conclude differently from the Board.

      **PETITION DENIED.**