NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE CRUZ BASTIDAS,<br><br>            Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.   16-72005<br><br>Agency No. A095-696-653<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2019[**]
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and ROSENTHAL,[***] District Judge.

Jose Bastidas, a native and citizen of Mexico, petitions for review of an

order of the Board of Immigration Appeals dismissing his appeal of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Immigration Judge's denial of relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252.[1] We review the Board's factual findings for substantial evidence and will uphold those findings unless the record compels the court to conclude differently. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019) (citing *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013)). We deny the petition.

Bastidas argues that the Board erred by finding that he did not prove it was more likely than not that the Sinaloa cartel would torture him in retaliation for cooperating with United States law-enforcement authorities, if he was removed to Mexico. In 2010, Bastidas was driving a load of cocaine to New Jersey when the Highway Patrol stopped him in Missouri and found the cocaine. He agreed to

---

[1] Section 1252 provides that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order or removal against an alien who is removable by reason of having committed" certain criminal offenses, but preserves jurisdiction over "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(C)-(D). The United States Supreme Court recently granted certiorari in *Nasrallah v. Barr*, No. 18-1432 (Oct. 18, 2019), which presents the question "[w]hether, notwithstanding Section 1252(a)(2)(C), the courts of appeals possess jurisdiction to review factual findings underlying denials of withholding (and deferral) of removal relief." Petition for a Writ of Certiorari, *Nasrallah v. Barr*, No. 18-1432 (May 14, 2019). We decide this case in accordance with current Ninth Circuit precedent, under which we have jurisdiction over Bastidas's challenge to the denial of deferral of removal under the CAT. *See Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Because any determination by the Supreme Court that we lack jurisdiction would have no effect on the outcome of this case, we proceed under our existing caselaw.

cooperate and continued driving to the designated delivery point in New Jersey where authorities arrested four others. One of those arrested was J.C., who loaded the cocaine into Bastidas's truck, and whose father-in-law was friends with Bastidas's father in Sinaloa, Mexico. Bastidas pleaded guilty, and at sentencing, the United States Attorney for the District of New Jersey wrote a letter stating that Bastidas may have placed himself and his family at risk by cooperating, but that the government was unaware of explicit threats.

Bastidas testified before the Immigration Judge that Mexican military agents beat one of his uncles in 1987 while Bastidas watched. A second uncle was killed some time later, though Bastidas does not know why or by whom. A cousin died in Mexico after having problems with an unspecified organized group; Bastidas believed the cousin was trafficking drugs because he was "making money." When the Immigration Judge asked who owned the cocaine in Bastidas's truck, Bastidas could only reply that it was a group in California. Based on the evidence he presented, Bastidas sought to defer removal under the Convention Against Torture.

Bastidas first argues that we should review only the Board's decision, because the Board reviewed the evidence *de novo*, and issued its own decision. But when the Board conducts a *de novo* review, while incorporating parts of the Immigration Judge's decision as its own, we also review the incorporated parts of the Immigration Judge's decision. *Szonyi v. Whitaker*, 915 F.3d 1228, 1258 (9th

3

Cir. 2019) (The Board "appeared to adopt the [Immigration Judge's] decision by giving examples from it." (citing *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008))). The Board described the Immigration Judge's factual findings, found no clear error, and agreed that Bastidas's claim was speculative based on those findings. The Board referred to the Immigration Judge's factual findings, incorporating them. We therefore review both decisions.

We agree with the Board that Bastidas offered only speculation that: (1) the Sinaloa cartel was involved in the drug smuggling Bastidas took part in; (2) the cartel was aware that Bastidas cooperated with U.S. law-enforcement authorities; (3) the cartel would discover Bastidas and harm him in Mexico; and (4) Mexican government officials or those acting in an official capacity would acquiesce in that harm. The record therefore does not compel the conclusion that it is more likely than not the Sinaloa cartel would torture Bastidas if he was returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (denying petition because the claim of future torture was speculative).

Bastidas argues that the Board erred by not considering his testimony about his relationship to J.C., whose father-in-law knew Bastidas's father in Sinaloa, Mexico. The Board's adopted findings from the Immigration Judge's decision show that this evidence was considered. This evidence falls far short of showing J.C.'s involvement in the cartel. The Immigration Judge expressly stated that he

4

considered all the evidence, and we presume that the Board considered all the evidence. *See Szonyi*, 915 F.3d at 1258-59 ("Even if the [Immigration Judge's] opinion were disregarded, this court generally presumes that the [Board of Immigration Appeals] thoroughly considers all relevant evidence in the record.") (citing *Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000)).

    **PETITION DENIED.**