NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR FRANCISCO JIMENEZ-
ORNELAS,

Petitioner,

v.

JEFFREY A. ROSEN, Acting Attorney
General,

Respondent.

No.    18-70576

Agency No. A205-158-200

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020**
San Francisco, California

Before:  W. FLETCHER, IKUTA, and VANDYKE, Circuit Judges.

Oscar Francisco Jimenez-Ornelas ("Jimenez") petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal of an

Immigration Judge's ("IJ") decision denying his request for cancellation of removal

and denying his petition for asylum, withholding of removal, and protection under

---

* This disposition is not appropriate for publication and is not precedent except as provided by
Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See*
Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review the BIA's determination of purely legal questions de novo. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000). The BIA's factual findings are reviewed for substantial evidence. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). Under this deferential standard, factual findings are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Lynch*, 802 F.3d 972, 974–75 (9th Cir. 2015). Accordingly, in order to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

1.      The BIA properly applied the BIA's January 2013 decision in *Cortes Medina* to Jimenez's September 16, 2013 conviction for indecent exposure under California Penal Code § 314.1. *Matter of Alfonso Cortes Medina*, 26 I. & N. Dec. 79 (B.I.A. 2013). "Under *Brand X*, we must defer ... to the BIA's decision in *Cortes Medina*" construing a crime involving moral turpitude ("CIMT") to include indecent exposure. *Betansos v. Barr*, 928 F.3d 1133, 1141–42 (9th Cir. 2019) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005)). Because the indecent exposure conviction is Jimenez's second CIMT, he is

2

ineligible for cancellation of removal. *Id.* at 1136 (citing 8 U.S.C. § 1229b(b)(1)(B), (C)).

Jimenez argues that the *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1333 (9th Cir. 1982) factors regarding retroactivity weigh in favor of applying our 2010 opinion in *Nunez v. Holder*, 594 F.3d 1124 (9th Cir. 2010), not *Cortes Medina*. But Jimenez committed and was convicted of indecent exposure months after *Cortes Medina* redefined a CIMT to include his offense. Therefore, the *Montgomery Ward* factors do not apply here, and the IJ and BIA properly concluded Jimenez was ineligible for cancellation of removal due to his second CIMT conviction.

**2.** Jimenez's asylum and withholding of removal claims fail because substantial evidence supports the BIA's conclusion that Jimenez failed to show that he would be persecuted on account of, or because of, his political opinion or membership in a particular social group ("PSG"). Specifically, Jimenez contends that he will be persecuted on account of his political opinion of "oppos[ing] cartel activities, lifestyle and cartels' deleterious effect on Mexican society." But neither his briefing nor the record establishes how someone who holds this opinion would be singled out for persecution any more than a general member of the Mexican public, most of whom one would expect would share that opinion. *See Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir. 1997).

3

Substantial evidence also supports the BIA's conclusion that Jimenez failed to show how his proposed PSG—"men who have been long-time residents of the United States who have become Americanized and are deported to Mexico"—was particular and socially distinct, as we have already determined that this PSG fails. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016). That proposed PSG is not particular because it would include virtually every male being deported from the United States back to Mexico. *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016) (requiring particular social groups to be discrete, not amorphous). Jimenez also failed to show that this group is socially distinct or that Mexican society recognizes this proposed PSG as a distinct group. *See Diaz-Torres v. Barr*, 963 F.3d 976, 980–81 (9th Cir. 2020). He merely states that "deportees from the US are stigmatized in Mexican society," citing no supporting record evidence, and speculates how deportees from the United States may face challenges when they return to Mexico. And even assuming Jimenez could have met the particularity and socially distinct requirements, he failed to demonstrate that individuals are persecuted on account of being members in this group.[1]

---

[1] Because Jimenez "fail[ed] to satisfy the lower standard of proof required to establish eligibility for asylum," substantial evidence supports the BIA's conclusion that he "fail[ed] to demonstrate eligibility for withholding of deportation." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

4

**3.** Jimenez is not entitled to protection under CAT. To qualify for CAT protection, Jimenez bears the burden of proving "that 'it is more likely than not that … [he] would be tortured if removed to the proposed country of removal.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (citing 8 C.F.R. § 208.16(c)(2)). In addition to establishing a clear probability of torture upon removal, Jimenez must show the torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Even though the IJ found that he had suffered past torture because of an isolated carjacking incident in Mexico, that finding alone is not enough to show that Jimenez would be tortured in the future. *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019). Further, the record contains no evidence that there was government involvement or acquiescence in the carjacking. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836–37 (9th Cir. 2016). And while Jimenez points to the nationwide reach of cartels, the potential harm facing individuals deported to Mexico, and evidence of corrupt local government officials, the record also contains evidence "of government efforts to combat such corruption as well as vigorous government efforts to suppress and fight criminal syndicates in Mexico." Therefore, substantial

evidence supports the BIA and IJ's conclusions that Jimenez failed to show he would be tortured if deported to Mexico. *See id.*[2]

The petition for review is **DENIED**.

---

[2] Jimenez also claims that the police did not follow up with him about the carjacking incident, but "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence" for purposes of CAT protection. *Andrade-Garcia*, 828 F.3d at 836.