**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESWIN NOY-OLLEY, AKA Eswin Nojollej, | No. 19-72367 |
| Petitioner, | Agency No. A087-528-188 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

Eswin Noy-Olley petitions for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing his appeal of an immigration judge ("IJ")

decision denying his application for protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT") and his alternative request for post-conclusion voluntary departure. We have jurisdiction to review the denial of CAT relief under 8 U.S.C. § 1252, and our jurisdiction to review the denial of voluntary departure is limited to constitutional claims or questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); 1229c(f); *see also Corro-Barragan v. Holder*, 718 F.3d 1174, 1176–77 (9th Cir. 2013). "We review the BIA's fact-finding for substantial evidence and may grant a petition only if the evidence compels a conclusion contrary to the BIA's conclusion." *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019).

We deny the petition in connection with the CAT claim and dismiss the remainder of the petition on jurisdictional grounds.

I

Substantial evidence supports the BIA's conclusion that Noy-Olley had failed to meet his burden of showing that the Guatemalan government is "more likely than not" to "acquiesce" to any torture of Noy-Olley by the gang Mara Salvatrucha ("MS-13"). 8 C.F.R. §§ 1208.16(c)(2); 1208.18(a)(1). *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 787 (9th Cir. 2004) ("Acquiescence . . . is not limited to actual knowledge, or willful acceptance; the willful blindness of government officials suffices." (quotation marks omitted)).

Noy-Olley produced no evidence of cooperation between Guatemalan officials and MS-13 (or any other gang) in his hometown or the nearby towns where MS-13 members assaulted him. To the contrary, Noy-Olley's country conditions evidence contains only general references to official corruption at the national level that may hinder the effective policing of gangs in Guatemala, while also indicating that the Guatemalan government has made some progress in combating both corruption and gang violence. Notably, the only specific instance of corruption to which Noy-Olley testified did not relate to the policing of gangs, but concerned a traffic stop during which police officers pulled him over for a traffic infraction, asked him for money, and then let him go, without a citation, when he replied that he did not have any money.

Because the foregoing evidence does not amount to "significant evidence establishing government complicity" in the criminal activity that "constitutes the basis" of Noy-Olley's CAT claim, we must uphold the BIA's adjudication of that claim. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016); *see also, e.g.*, *id.* (upholding denial of CAT relief because, inter alia, "testimony that a Guatemalan police officer took a bribe from a robber and released him" did not demonstrate that the Guatemalan government would acquiesce in a gang's extortion of petitioner); *cf. Madrigal v. Holder*, 716 F.3d 499, 510 (9th Cir. 2013)

3

(noting "[v]oluminous" evidence that Mexican police "frequently work[ed] directly on behalf of drug cartels" in remanding CAT claim for the BIA to consider whether local or state officials would acquiesce to a drug cartel's torture of the petitioner); *Zheng v. Ashcroft*, 332 F.3d 1186, 1190–96 (9th Cir. 2003) (remanding CAT claim where the petitioner feared torture by human traffickers, and the record contained specific examples of collusion between local police and such traffickers in the petitioner's home province).

To the extent Noy-Olley requests that we infer the government's willful blindness from the sheer number of MS-13 members in Guatemala, we decline to do so. Evidence of a serious gang problem in the country of removal is not itself sufficient to establish the requisite acquiescence, absent particularized evidence that official corruption enables or fuels that problem. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014). The prevalence of MS-13 in Guatemala is of less probative value here in light of the record evidence reflecting that the Guatemalan government has adopted and implemented antigang measures with some success, albeit limited. *See id.* at 1035.

## II

We lack jurisdiction over Noy-Olley's challenge to the denial of his request for voluntary departure because the BIA denied it on a factual basis, namely that he did not have "the means to depart the United States." 8 U.S.C. § 1229c(b)(1)(D); *see also* 8 C.F.R. § 1240.26(c)(1)(iv). Because Noy-Olley's challenge to the denial of voluntary departure does not pose any questions of law, we lack jurisdiction to review it. 8 U.S.C. §§ 1252(a)(2)(B)(i), (D); 1229c(f); *Corro-Barragan*, 718 F.3d at 1176–77.[1] Accordingly, we dismiss the remainder of the petition.

**DENIED in part; DISMISSED in part.**

---

[1] Because the BIA found that Noy-Olley did not meet the statutory requirements for post-conclusion voluntary departure and we cannot review that decision, we need not reach his alternative challenges to the voluntary departure decision.