**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIKE IWEBUKE ASHIEN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72226

Agency No. A208-125-370

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 28, 2019
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Mike Iwebuke Ashien ("Ashien") petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

denial of his application for asylum, withholding of removal, and Convention Against

Torture ("CAT").  Because substantial evidence does not support the agency's adverse

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

credibility determination, we grant the petition and remand for further proceedings. We deny the petition with respect to his CAT claim.

The transcript of this case reveals several hallmarks of a faulty translation: evidence of incorrectly translated words, unresponsive answers by Ashien, and Ashien and the translator expressing difficulty understanding one another and requiring repetition. *See Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000). Even if these flaws do not rise to the level of a due process violation, "faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003).

Indeed, the first reason identified by the BIA to find Ashien not credible was Ashien's "vague and unresponsive testimony." A close examination of the transcript, however, reveals that either the answers actually were responsive, or that Ashien did not appear to understand the question the first time it was asked. *See Perez-Lastor*, 208 F.3d at 779 ("the most plausible conclusion is that he did not understand what was said to him").

Second, the BIA cited an inconsistency between Ashien's testimony before the IJ and at the credible fear interview regarding the number of vehicles Ashien repaired for the Boko Haram. However, there is not sufficient evidence that the credible fear interview was reliable because it was conducted in English without a translator, and

the record is replete with instances where Ashien had significant difficulties being understood in English. *See Singh v. INS*, 292 F.3d 1017, 1022–23 (9th Cir. 2002) (rejecting reliance on credible fear interview where no translator and no information regarding "how the interview was conducted or how the document was prepared or whether the questions and answers were recorded verbatim, summarized, or paraphrased").

Finally, the BIA noted that Ashien supplied an additional detail at the merits hearing about being hung upside down by the Boko Haram. However, supplying additional details at the merits hearing of an event that is mentioned in the asylum application in less detail is not a ground for finding an alien not credible. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000). This is especially true when the petitioner fills out the application pro se: "[A]sylum forms filled out by . . . people who . . . are unable to retain counsel should be read charitably, especially when it comes to the absence of a comprehensive and thorough account of all past instances of persecution." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005) (internal quotation and citation omitted).

In sum, none of the reasons cited by the BIA constitute substantial evidence to support its adverse credibility determination. We therefore grant the petition and remand for further proceedings.[1]

However, we deny the petition with respect to Ashien's claim under CAT. Ashien had the burden of establishing that it is more likely than not he will suffer from torture if returned to Nigeria and that this torture will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Although the Boko Haram has been a problem in parts of Nigeria, the country is actively engaged in combating the group and has made considerable strides since Ashien was abducted in 2014. The Nigerian government is not "willfully blind" to the atrocities committed by the organization and does not simply stand by "because of their inability or unwillingness to oppose it." *See Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008). Thus, even if

---

[1] We note that the BIA also concluded Ashien would not be eligible for asylum or withholding of removal because of the bar on such relief to individuals who have provided material support to a terrorist organization. 8 C.F.R. § 1208.16(d)(2). Ashien did testify that he repaired at least one car for the organization, albeit under duress. There is no de minimus or duress exception to the material support bar, but if he is otherwise eligible for relief, Ashien may apply to the Attorney General for a discretionary waiver. *See Rayamajhi v. Whitaker*, 912 F.3d 1241, 1244–45 (9th Cir. 2019). We leave this matter to the agency on remand.

credible, Ashien cannot show it is more likely than not he would be tortured by this group with the acquiescence of the Nigerian government.[2]

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED.**

Each party shall bear their own costs on appeal.

---

[2] Petitioner's Motion to Take Judicial Notice (Dkt. #13) is denied as moot.