**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANI ABDI NUURE, | No. 17-72909 |
| Petitioner, | Agency No. A208-595-821 |
| v. | |
| MERRICK B. GARLAND, Attorney General,[1] | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2021
San Francisco, California

Before: GOULD and FRIEDLAND, Circuit Judges, and ERICKSEN,[**] District
Judge. Concurrence by Judge FRIEDLAND.

---

[1]  On March 11, 2021, Attorney General Merrick B. Garland was automatically substituted as Respondent. *See* Fed. R. App. P. 43(c).

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Petitioner Hani Abdi Nuure seeks review of the Board of Immigration Appeals' ("BIA") denial of relief from removal. Because the BIA's decision was supported by substantial evidence, the petition is denied.

Petitioner, a citizen and native of Somalia, sought asylum in the United States after being held in captivity by the terrorist organization Al-Shabaab. The Immigration Judge ("IJ") denied her asylum claim under the material support for terrorism bar in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(3)(B). The IJ concluded that she would qualify for asylum if not for the fact that she had provided material support to Al-Shabaab by cooking for them under duress while imprisoned. The BIA affirmed.[2]

The parties agree that Petitioner cooked for a terrorist organization but dispute whether that constituted "material support" under the INA. In her petition for review, Petitioner argues that the support was de minimis and that Al-Shabaab would have continued as a terrorist organization had she not cooked for its members. The Government argues that no exception exists for de minimis support.

Where "the BIA conducted an independent review of the record and provided its own grounds for affirming the IJ's decision," this Court will review

---

[2] Petitioner also applied for withholding of removal and protection under the Convention Against Torture ("CAT"). The IJ determined that the material support bar rendered Petitioner ineligible for withholding of removal, and the BIA affirmed. The IJ also denied Petitioner's application for CAT relief, and the BIA deemed the issue to be waived on appeal.

the BIA's opinion and any portion of the IJ's decision expressly adopted by the BIA. *Doe v. Holder*, 736 F.3d 871, 877 (9th Cir. 2013) (quoting *Navas v. INS*, 217 F.3d 646, 654 (9th Cir. 2000)). A denial of asylum is "conclusive unless manifestly contrary to the law." 8 U.S.C. § 1252(b)(4)(D). The BIA's findings of fact are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* § 1252(b)(4)(B).

"A noncitizen who has engaged in 'terrorist activity' cannot obtain asylum or withholding of removal." *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1244 (9th Cir. 2019) (citing 8 U.S.C. § 1182(a)(3)(B)(i)(I)). "Engag[ing] in terrorist activity" includes committing "an act that the actor knows, or reasonably should know, affords material support" to a terrorist organization. 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). This bar to entry applies even if the support was provided under duress. *Rayamajhi*, 912 F.3d at 1244 (citing *Annachamy v. Holder*, 733 F.3d 254, 267 (9th Cir. 2013), *overruled in part on other grounds by Abdisalan v. Holder*, 774 F.3d 517, 526 (9th Cir. 2015) (en banc)).

This Court has held that there is no de minimis exception for material support in the form of funds. *Id.* at 1244–45. The BIA has gone further, holding that the material support bar generally contains no de minimis exception. *In re A-C-M-*, 27 I. & N. Dec. 303, 308 (BIA 2018). This Court has not determined whether cooking constitutes material support or whether de minimis support in the

3

form of cooking is material. In the context of a criminal prohibition on providing material support for terrorism, the Supreme Court has noted that even "[m]aterial support meant to promote peaceable, lawful conduct can further terrorism" because it "frees up other resources within the organization that may be put to violent ends." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 30 (2010) (internal quotation marks, citation, and alteration omitted). The Sixth Circuit has applied this reasoning to the immigration statute at issue here and held that material support must be both "relevant" and "significant." *Hosseini v. Nielsen*, 911 F.3d 366, 375–76 (6th Cir. 2018).

In this case, we need not decide whether a de minimis exception exists or whether cooking provides material support in all instances. Before the BIA, Petitioner argued only that the support she provided was not material because it was de minimis. The BIA's decision that her activity was not de minimis, and was therefore material, is supported by substantial evidence. Petitioner has not disputed the BIA's finding that she "cooked for Al-Shabaab for an extended period of time while she was detained," and the record supports the BIA's conclusion that the support provided was above a threshold that could be considered de minimis. Therefore, we find no factual basis on which to reach a conclusion contrary to the BIA's decision.

DENIED.  The temporary stay of removal remains in place until issuance of the mandate.  The motion for a stay of removal is otherwise denied.

Nuure v. Garland, No. 17-72909

FRIEDLAND, J., concurring:

I concur because it appears that Nuure failed to argue before the BIA that cooking is not "material support" under 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). I write separately to urge our court to clarify the meaning of "material" in a future case because I believe that cooking is not "material support" under the statute.

A noncitizen is ineligible for asylum or withholding of removal if he or she has provided "material support" to a terrorist organization or its members. 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). Under traditional rules of statutory construction, it is apparent that "material" modifies "support," and that "material" must be given some effect that does not render it redundant. *See Nielsen v. Preap*, 139 S. Ct. 954, 969 (2019). Yet in two recent cases, while declining to adopt a precise definition, we have narrowed the possibilities for what "material" could mean under the statute.

First, we held that the material support bar contains no exception for activities conducted under duress. *Annachamy v. Holder*, 733 F.3d 254, 267 (9th Cir. 2013), *overruled in part on other grounds by Abdisalan v. Holder*, 774 F.3d 517, 526 (9th Cir. 2015) (en banc). Second, we held that the material support bar contains no exception for "de minimis aid in the form of funds." *Rayamajhi v.*

1

*Whitaker*, 912 F.3d 1241, 1245 (9th Cir. 2019).  Although we limited our holding to "aid in the form of funds," we approved in dicta of the BIA's broader determination that "no de minimis exception exists" to the material support bar. *Id.* (citing *In re A-C-M-*, 27 I. & N. Dec. 303, 307 (BIA 2018)).

Given these precedents, if "material" is to be given any effect, then it must be to modify "support" to include only certain *types* of conduct.  The Sixth Circuit has reached a similar conclusion, holding that "material" requires that support be "relevant" and "significant" to the commission of terrorism.  *Hosseini v. Nielsen*, 911 F.3d 366, 375-76 (6th Cir. 2018).  This construction comports with the term's ordinary meaning.  *Id.*; *see also Material,* Black's Law Dictionary (11th ed. 2019) (defining "material" as "significant; essential").  It is also consistent with the remaining text in the relevant provision, which lists examples of types of support that should be considered "material support," including "a safe house, transportation, communications, funds, transfer of funds or other material financial benefit, false documentation or identification, weapons (including chemical, biological or radiological weapons), explosives, or training."  8 U.S.C. § 1182(a)(3)(B)(iv)(VI).  These activities, unlike cooking, are all clearly important to advancing the goals of terrorism.

If the statute barred admissibility for noncitizens who provided "support" to terrorists—without qualification—then perhaps it would apply to cooking.  But

2

because the statute requires that support be "material," I urge our court to clarify in

a future case that cooking cannot trigger the material support bar.[1]

---

[1] In the same fractured opinion in which the BIA held that the material support bar includes no de minimis exception, it also rejected the proposition that "the support provided must be of a certain type in order to be covered by the material support bar." *In re A-C-M-*, 27 I. & N. Dec. at 310. We have not considered whether the statute compels a contrary determination. We also have not considered whether the BIA's conclusion was a reasonable interpretation of an ambiguous statute—we have only considered the BIA's conclusion as to whether a de minimis exception exists. *See Rayamajhi*, 912 F.3d at 1245. I believe the BIA's determination that "material" does not limit "support" to certain types of conduct should be rejected on the ground that the statute unambiguously requires otherwise or on the ground that, even if the statute is ambiguous, this interpretation is unreasonable.

Alternatively, I urge the BIA to adopt a different position that gives meaning to each of the terms in the statute.