**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAHIB SAEED MOHAMMED AL BANNA, | No. 20-71374 |
| Petitioner, | Agency No. A215-820-829 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2021[**]
Anchorage, Alaska

Before: RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

Petitioner, a citizen and native of Yemen, seeks review of the BIA decision

denying petitioner's application for asylum, withholding of removal, and deferral

of removal under the Convention Against Torture (CAT). The BIA determined

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that petitioner was ineligible for asylum and withholding pursuant to 8 U.S.C. § 1182(a)(3)(B)(iv)(VI), because he had provided "material support" to the Houthi militia, a terrorist organization. The BIA also ruled that petitioner had not demonstrated that he was eligible for deferral of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and we deny the petition.[1]

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020). The BIA expressly stated that it did not reach the IJ's alternative determinations on nexus. The BIA's factual findings underlying its determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief are reviewed for substantial evidence, *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007), and its determinations on questions of law are reviewed de novo, *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012).

1. Where the BIA concludes a petitioner is ineligible for asylum or withholding of removal pursuant to the material support bar, we retain jurisdiction to consider "colorable constitutional claims or questions of law," including mixed questions of fact and law where the facts are undisputed. *See Rayamajhi v.*

---

[1] The parties are familiar with the facts and we recount them only as necessary to resolve the issues on appeal.

*Whitaker*, 912 F.3d 1241, 1244 (9th Cir. 2019); *see also* 8 U.S.C. § 1252(a)(2)(D); *Khan v. Holder*, 584 F.3d 773, 780 (9th Cir. 2009)..

Petitioner contends the BIA erred as a matter of law by concluding that paying his household expenses and paying nominal tolls amounted to "material support" of the Houthi militia because the Houthi militia had taken over as the de facto government.

The government characterizes petitioner's brief as raising a duress argument. In *Annachamy v. Holder*, we held that "the material support bar does not include an implied exception for individuals . . . who provide support [to a terrorist organization] under duress." 733 F.3d 254, 267 (9th Cir. 2013), *overruled in part on other grounds by Abdisalan v. Holder*, 774 F.3d 517, 526 (9th Cir. 2015) (en banc). To the extent petitioner raises duress, that argument is foreclosed by our caselaw.

Petitioner also raises a policy argument, urging us to adopt a reading of 8 U.S.C. § 1182(a)(3)(B)(iv)(VI) that would exempt those who transfer funds to a terrorist organization for necessary services when the terrorist organization becomes the de facto government in an area. Even if we were to agree with petitioner that the BIA's broad reading of "material support" leads to troubling results, he has not provided any statutory analysis of § 1182(a)(3)(B)(iv)(VI) to

3

suggest that Congress intended a different meaning.  *See* Fed. R. App. P. 28(a)(8) (Appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").  Petitioner has not shown that the BIA misapplied the material support bar.

2.  Petitioner failed to show his claim for deferral of removal under the CAT was incorrectly dismissed.  Substantial evidence supports the BIA's conclusion that petitioner could reasonably relocate within Yemen to avoid torture.  The IJ found large areas of southern Yemen are beyond Houthi control, and Petitioner did not show he would be unable to relocate to an area outside of Houthi control.

Petitioner also contends he could not relocate to other areas of Yemen because they were controlled by Al Qaeda, a group to which petitioner is opposed.  This argument presents a false dichotomy, suggesting petitioner's only options are to live in an area under the Houthi control or Al Qaeda control.  A map of Yemen in the record shows areas of Yemen that are not controlled by either the Houthi militia or Al Qaeda.  Accordingly, the record does not compel a finding that it would be unreasonable for petitioner to relocate within Yemen.

**PETITION DENIED**.