**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ACHA ROLAND TECHE, | No. 21-56 |
| Petitioner, | Agency No. A213-187-435 |
| v. | |
| MERRICK B. GARLAND; U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,*** District Judge.

Acha Roland Teche, a native and citizen of Cameroon, seeks review of a

decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, Senior United States District Judge for the District of Arizona, sitting by designation.

decision by an immigration judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and grant in part.

1. Teche challenges the denial of his asylum and withholding of removal claims based on his material support for a terrorist organization. *See* 8 U.S.C. §§ 1182(a)(3)(B)(i)(I)-(III), 1158(b)(2)(A)(v). Unless a petitioner raises constitutional or legal questions, we lack jurisdiction to review the denial of asylum and withholding of removal under the material support bar. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1244 (9th Cir. 2019) (citing 8 U.S.C. § 1158(b)(2)(D)). Teche does not contest the BIA's finding that the Cameroonian Anglophone separatist group is a terrorist organization. Instead, he argues that he did not "know" whether the men to whom he gave money were in fact Anglophone separatists.

Under our precedent, we retain jurisdiction to review whether a petitioner reasonably did not know he was supporting terrorism. *Khan v. Holder*, 584 F.3d 773, 780 (9th Cir. 2009). We agree with the application of the material support bar here. Teche testified he gave 10,000 francs to Anglophone separatists who pressured him to contribute money for the "struggle" of them all. He also testified that he had earlier marched with the separatists in a political demonstration. While Teche speculated that the men he gave money to may have been merely posing as Anglophone separatists, the IJ and BIA "were not compelled to accept [his]

2

explanation." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021). Indeed, Teche points to no other evidence that non-separatist extortionists pose as Anglophone separatists. Thus, the BIA appropriately held that Teche is not entitled to asylum or withholding of removal.

2. We remand Teche's CAT claim for reconsideration. "To establish entitlement to protection under CAT, a petitioner must show that 'it is more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). Evidence of past torture is a relevant factor, but not dispositive. *See Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021). An applicant's ability to "relocate to a part of the country of removal where he or she is not likely to be tortured" cuts against eligibility for CAT relief. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(3)). We review the agency's factual findings for substantial evidence. *Budiono v. Lynch*, 837 F.3d 1042, 1056 (9th Cir. 2016).

Here, the BIA found that Teche had been tortured by the Cameroonian military, but it concluded that the military had not continued to pursue him after his departure from the country and that Teche could safely relocate within Cameroon. In determining that Teche could safely relocate, the BIA observed that it was "immaterial" if Teche had to "remain in perpetual hiding" to do so. This appears to

3

conflict with our precedent. Before the BIA's decision, we made clear that an applicant for CAT relief cannot "be said to have the ability to 'relocate' within [his] home country if [he] would have to remain in hiding there." *Akosung v. Barr*, 970 F.3d 1095, 1102 (9th Cir. 2020).

And there is evidence in the record that the Cameroonian military sought Teche's arrest after he left the county. For example, according to a declaration from Teche's Cameroonian lawyer, Cameroonian soldiers made "frequent surprise visits" to his office and home to search for Teche. The IJ discounted this evidence because the lawyer did not mention that there was a "warrant" for Teche's arrest and because the lawyer did not discuss "other mistreatment or harm meted out while the officers inquired" about Teche. Given that the record shows that the government does not always respect the warrant requirement, the lack of a warrant should not be dispositive on the attorney's declaration. And we do not see the relevance of the "other mistreatment or harm" issue.[1]

Because the BIA's analysis conflicts with our precedent and the record does not support its determination, we remand Teche's CAT relief claim to the BIA.

---

[1] On appeal before the BIA, Teche also submitted an affidavit from his mother describing events that took place after the IJ decision. In the affidavit, she said that Cameroonian soldiers entered her home, beat her, presented a warrant for Teche's arrest, and threatened to kill the occupants of the home if she did not reveal Teche's whereabouts. The BIA did not consider this new evidence. *See* 8 C.F.R. § 1003.1(d)(7)(v)(A).

The petition is **DENIED IN PART; GRANTED IN PART;**

**REMANDED.**[2]

---

[2] Given our remand, the motion to stay removal (Dkt. 7) is denied as moot.