**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| Zaheer Akhtar Ahmed; Nazish Akhtar; Mahanoor Akhtar; Ahmed Hassan Akhtar, | No. 22-226 |
| | Agency Nos. |
| | A200-997-475 |
| Petitioners, | A200-997-476 |
| | A200-997-477 |
| v. | A200-997-478 |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,***
District Judge.

Petitioners, a family of four who are natives and citizens of Pakistan, seek

review of the denial of asylum and withholding of removal for Zaheer Akhtar

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Ahmed ("Ahmed"), the denial of asylum for Nazish Akhtar ("Nazish") and Mahanoor Akhtar ("Mahanoor"), and the denial of any form of relief for Ahmed Hassan Akhtar ("Akhtar"). We review questions of law and whether a petitioner has exhausted an issue de novo. *See Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 961 (9th Cir. 2006). We have jurisdiction under 8 U.S.C. § 1252(a), and deny in part and dismiss in part.

1. Ahmed challenges the denial of his asylum and withholding of removal claims based on his material support for a terrorist organization. *See* 8 U.S.C. §§ 1182(a)(3)(B)(i)(I)-(III), 1158(b)(2)(A)(v). Unless a petitioner raises constitutional or legal questions, we lack jurisdiction to review the denial of asylum and withholding of removal under the material support bar. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1244 (9th Cir. 2019) (citing 8 U.S.C. § 1158(b)(2)(D)). The immigration judge ("IJ") determined that Ahmed materially supported the terrorist group, Muttahida Qaumi Movement ("MQM"). Ahmed claims MQM is not a terrorist organization and that he reasonably did not know that MQM was a terrorist organization because it is a political party, maintains an office in the United States, and is a part of the Pakistan government at times.

Under our precedent, these are questions of law or mixed questions and we retain jurisdiction to review them. *Khan v. Holder*, 584 F.3d 773, 780 (9th Cir. 2009). We agree with the IJ's determination that MQM is a terrorist organization. The record shows that MQM has been linked to bombings and the killing of

2                                                                                    22-226

political opponents. Also, Ahmed has not satisfied his burden to show that he did not know or should not have reasonably known that MQM was a terrorist organization. *Id*. at 777 (terrorism bar applies unless the petitioner "can demonstrate by clear and convincing evidence that he did not know, and should not reasonably have known, that the organization was a terrorist organization"). Ahmed testified that he knew MQM was involved in the bombing of his building and he described it as a "land-grabbing mafia" involved in extortion and targeted killings.

Ahmed also claims that he did not materially support MQM because he did not engage in violence and he supported MQM under duress. Participation in violent terrorist activities is not necessary for material support; it is satisfied by "providing . . . any type of material support" such as "funds" or a "safe house." 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). Furthermore, duress is not a cognizable exception to the material support ban. *See Rayamajhi*, 912 F.3d at 1244. For these reasons, we deny Ahmed's petition for review.

2. We dismiss Nazish and Mahanoor's challenge to the denial of their asylum claim. We lack jurisdiction over issues not raised with the Board of Immigration Appeals ("BIA"). *See Alvarado v. Holder*, 759 F.3d 1121, 1127-28 (9th Cir. 2014). Nazish and Mahanoor failed to raise the denial of their asylum claim to the BIA. Their claim is thus unexhausted and cannot be considered.

3. Likewise, we dismiss Akhtar's challenge to the IJ's failure to consider his claim for asylum and withholding of removal. Akhtar did not raise this issue to the BIA.

The petition is **DENIED IN PART; DISMISSED IN PART**.