NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNY YONIN GARCIA-AGUILAR, | No. 24-6538 |
| Petitioner, | Agency No. A201-687-958 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025**
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

Denny Yonin Garcia-Aguilar, a native and citizen of Honduras, petitions for

review of an order by the Board of Immigration Appeals (BIA) dismissing his

appeal from the denial by an Immigration Judge (IJ) of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this petition is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Because the BIA conducted its own analysis of the evidence and issued its own opinion, "[w]e review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019)). We examine the BIA's factual findings for substantial evidence, taking "such findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

1. The BIA dismissed Petitioner's appeal from the IJ's denial of his asylum application, finding that Petitioner did not "suffer past harm rising to the level of persecution," or "establish that he possessed a well-founded fear of future persecution." Petitioner challenges each finding. Substantial evidence supports both.

Petitioner claims past persecution based on two occasions when unidentified gang members threatened him and his family, and another incident when unidentified gang members threatened the mother of his child. But neither he nor his family members were physically harmed, and they have since had no further contact with the gang members. Considering the totality of the alleged circumstances, Petitioner has not shown that the BIA erred in finding that the

verbal threats during these brief encounters did not rise to the level of past persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (holding that "[m]ere threats, without more, do not necessarily compel a finding of past persecution").

Petitioner asserts a well-founded fear of future persecution based on the same facts. However, Petitioner presented no evidence that any gang members have been looking for him or his family; to the contrary, the record shows that his mother, child, and two siblings have continued to live in Honduras without incident. Petitioner has not shown that the BIA erred in finding that he did not establish a well-founded fear of future persecution.

2. The BIA dismissed Petitioner's appeal from the IJ's denial of his withholding application because Petitioner "did not meet the lower burden of proof required for asylum," and so "did not satisfy the higher burden of proof applicable to claims for withholding of removal." Petitioner contests this conclusion. But because substantial evidence supports the BIA's asylum determination, "it necessarily follows that" substantial evidence supports the BIA's withholding determination. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citing *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004)).

3. The BIA dismissed Petitioner's appeal from the IJ's denial of his request for CAT relief, determining that he failed to establish both "a clear probability he

will be tortured in the future" *and* "that any harm to him would be inflicted by or with the consent or acquiescence of a public official or other person acting in an official capacity." To successfully challenge the BIA's dismissal, Petitioner must show that the evidence compels us to conclude that the BIA was wrong on both counts. *See Velasquez-Gaspar*, 976 F.3d at 1065 (9th Cir. 2020). Yet Petitioner contests only the BIA's first determination and not its second. Thus, Petitioner's challenge fails because, "by failing to 'specifically and distinctly' discuss the matter in [his] opening brief," Petitioner has not exhausted the argument challenging the BIA's second determination—an essential aspect of its CAT analysis. *Id.* (quoting *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005)). However, even were we to consider the issue, Petitioner has failed to present compelling evidence that he will be tortured in the future by public officials or with their acquiescence.

**PETITION DENIED.**[1]

---

[1] The stay of removal, Dkt. 3, shall dissolve on the issuance of the mandate. The motion for stay of removal, *id.*, is otherwise denied.