NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JHON EDWAR GALVIS-TRUJILLO, | No. 24-7067 |
| Petitioner, | Agency No. A240-818-046 |
| v. | |
| TODD BLANCHE, United States Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2026[**]
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioner Jhon Edwar Galvis-Trujillo, a native and citizen of Colombia,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

dismissing his appeal from an order by an Immigration Judge (IJ) denying asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). Petitioner also raises a variety of due process challenges to the IJ's decision. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

1. The BIA correctly held that Petitioner is ineligible for asylum and withholding of removal because he provided material support to a "Tier I" terrorist organization. The Immigration and Nationality Act renders inadmissible any "alien" who has committed an act that he or she "knows, or reasonably should know, affords material support," including by providing "transportation" or "weapons," to an entity the U.S. Secretary of State has designated a "terrorist organization" under 8 U.S.C. § 1189. *See* 8 U.S.C. §§ 1182(a)(3)(B)(i)(I), (iv)(VI), (vi)(I). Here, Petitioner admittedly drove vehicles, ran errands, and transported guns and grenades for the Ejercito de Liberacion Nacional (ELN) in Colombia on several occasions between 1994 to 2006, and twice more in or around 2020. The Secretary of State designated ELN a "terrorist organization" pursuant to § 1189 in 1997. *See Designation of Foreign Terrorist Organizations*, 62 FED. REG. 52650, 52650 (Oct. 8, 1997). Petitioner neither disputes that he provided ELN material support, nor that ELN is a Tier I terrorist organization.

Instead, he argues that the BIA "engaged in impermissible fact-finding" by holding that ELN is a Tier I organization although the IJ characterized ELN as a

---

[1] The application for relief that Petitioner submitted on his minor child's behalf has been severed and is not before us.

"Tier III" terrorist group.[2] We disagree. Exercising its "de novo" authority to make legal determinations, 8 C.F.R. § 1003.1(d)(3)(ii), the BIA correctly observed that ELN is a Tier I group. It took no factfinding to draw that conclusion. The BIA merely construed the Federal Register's plain text designating ELN a terrorist group, then applied the material-support statute to that designation. Both exercises were legal, not factual, determinations. *See El Comite Para El Bienestar de Earlimart v. Warmerdam*, 539 F.3d 1062, 1069 (9th Cir. 2008) (construction of regulatory materials); *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020) (application of legal standards to undisputed facts).[3]

2.      Substantial evidence supports the BIA's affirmance of the IJ's denial of CAT protection. CAT relief requires applicants to prove (1) that they would likely be tortured if removed to their native country, and (2) that the torture would be inflicted by, or "with the consent or acquiescence" of, that country's government. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017). But after the IJ held that Petitioner failed to carry his burden on the second element, Petitioner failed to challenge that determination before the BIA, and so the BIA deemed the issue

---

[2] "Tier III" is the statute's catchall for nondesignated terrorist groups that engage in defined terrorist activities. *See* 8 U.S.C. § 1182(a)(3)(B)(vi)(III).

[3] To the extent Petitioner reasserts his theory that he only offered ELN support under duress, that theory is foreclosed by binding precedent. *See Rayamajhi v. Whitaker*, 912 F.3d 1241, 1244 (9th Cir. 2019).

"waived."

Now, Petitioner contends this holding is erroneous because his BIA briefing "specifically mentions government acquiescence"; and indeed it does—but only to recite the legal standard. The brief is devoid of reasoned argumentation on the issue. Accordingly, we cannot say that Petitioner "put the BIA on notice" that he sought to challenge the IJ's dispositive government-involvement finding. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). His challenge of the IJ's CAT denial is therefore unexhausted, and we decline to consider it. *Id.*

3.     Petitioner's due process arguments fare no better. The only exhausted due process challenge he asserts on appeal—that the IJ failed to probe whether he was aware ELN was a terrorist organization—fails as a matter of law. This theory requires Petitioner to show that the IJ's conduct was "so fundamentally unfair" as to prevent him from "reasonably presenting his case," and that the resulting violation prejudiced his interests. *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (internal quotations omitted).

Petitioner has made neither showing. As the BIA correctly held, Petitioner has not shown that any "knowledge-based exception" exists for Tier I terrorist organizations like ELN. While 8 U.S.C. § 1182(a)(3)(B)(iv)(VI)(dd) exempts petitioners who supported a Tier III organization if they offer "clear and convincing evidence" they "did not know, and should not reasonably have known, [] the

organization was a terrorist organization," the preceding subsection—governing Tier I organizations like ELN—provides no comparable exemption. *Compare id. with id.* § 1182(a)(3)(B)(iv)(VI)(cc); *see also A.A. v. Att'y Gen. United States*, 973 F.3d 171, 179 (3d Cir. 2020) (supporting this construction).[4]

The remainder of Petitioner's due process challenges are unexhausted. Due process attacks on an IJ's failure to provide a "full and fair hearing" must be exhausted before the agency. *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002). But the only such argument Petitioner raised before the BIA is the one discussed above. Before us, however, he also argues that the IJ failed to instruct him on the elements of his claims and then failed to educate him on the importance of country conditions evidence. Because Petitioner did not give the BIA "an opportunity to pass on the issue[s]," they are unexhausted. *Umana-Escobar*, 69 F.4th at 550 (citation modified).

**PETITION FOR REVIEW DENIED.**

---

[4] To be fair, section 1182(a)(3)(B)(iv)(VI) limits the material-support bar to one who "knows, or reasonably should know," their conduct "affords material support" to a terrorist activity or organization. But Petitioner does not argue that this provision creates a knowledge-based exception for all persons who supported a terrorist organization of any tier. Nor could this interpretation prevail without reducing to rubble subsection (dd)'s knowledge-based exception for Tier III organizations. *See Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) ("[W]e must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute [] meaningless or superfluous.").