NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAIFENG HUANG,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-72451<br><br>Agency No. A202-170-371<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2021**
San Francisco, California

Before: M. SMITH and VANDYKE, Circuit Judges, and GORDON,*** District Judge.

Haifeng Huang (Huang) petitions for review of the Board of Immigration

Appeals' (BIA) order dismissing his appeal of an Immigration Judge's (IJ) decision

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

denying his request for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review "[t]he BIA's denial of asylum" and "determination that the petitioner does not have an objectively reasonable fear of persecution for substantial evidence." *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003); *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). The BIA's factual findings are also reviewed for substantial evidence. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). This deferential standard requires us to view factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015). While "we consider only the grounds relied upon by" the BIA for its decision, *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam), in reviewing the BIA's basis for its decision we must determine whether the record evidence, "considered as a whole," "compels" us to reverse the BIA's decision. *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 481 n.1 (1992) (emphasis omitted). "Accordingly, in order to reverse the BIA's finding under substantial evidence review, 'we must find that the evidence not only *supports* that conclusion, but *compels* it.'" *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (quoting *Elias-Zacarias*, 502 U.S. at 481 n.1).

Substantial evidence supports the BIA's conclusion that Huang failed to demonstrate past persecution or a well-founded fear of future persecution based on his religion and political opinion.

To demonstrate past persecution, Huang "has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). "A petitioner who cannot show past persecution might nevertheless be eligible for relief if he instead shows a 'well-founded fear of future persecution' along with the other elements." *Hussain v. Rosen*, 985 F.3d 634, 645–46 (9th Cir. 2021) (citation omitted). To demonstrate a well-founded fear of future persecution, the petitioner must show both a "'subjectively genuine' and 'objectively reasonable' fear." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (citation omitted). In other words, Huang must "demonstrate a genuine fear of future persecution" and present "credible, direct, and specific evidence of facts supporting a reasonable fear of future persecution." *Aruta v. INS*, 80 F.3d 1389, 1394 (9th Cir. 1996) (alterations and citation omitted).

Huang argues that the following events rise to the level of persecution: (1) his two-hour detention by Chinese police in 2011 for attending a Tibetan Buddhism house meeting; (2) a single beating by a school teacher about which Huang provided

no details, but that did not result in medical attention; (3) his school's surveillance of him during his final year at school; and (4) his failure to be admitted to his university of choice. But these events do not compel us to conclude that he suffered past persecution. By itself, "[b]rief detention does not necessarily establish persecution," and while brief detention plus physical attacks may rise to the level of persecution, Huang did not experience any physical attacks other than the single, vaguely described incident with his teacher. *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995). And while our court has said that an outright "[d]enial of access to educational opportunities available to others on account of a protected ground can constitute persecution," *see Zhang v. Gonzales*, 408 F.3d 1239, 1247 (9th Cir. 2005), Huang only speculates that he was not admitted to his *preferred* university on account of his disciplinary record. The BIA's conclusion that Huang did not suffer past persecution is thus supported by substantial evidence.[1] *See, e.g., Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (concluding that harassment, unfulfilled threats, and one beating did not compel a finding of past persecution).

Huang contends that he possesses a well-founded fear of future persecution

---

[1] While Huang also relies on our opinion in *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018) to show past persecution, *Guo* is distinguishable from this case, as Huang acknowledges in his opening brief. Huang states that he "admissibly received somehow lesser severity of harms in the hand of Chinese authorities in comparison to [Guo]."

on the basis of his religion and his political opinion because he expressed his views through now-deleted internet posts about Tibetan Buddhism and the Chinese government.[2]  But assuming Huang has a subjective fear of future persecution, the record does not "show good reason to fear future persecution." *Nagoulko*, 333 F.3d at 1018.  Substantial evidence therefore supports the BIA's conclusion that Huang does not qualify for asylum.[3]

The petition for review is **DENIED**.

---

[2] Huang also argues that his well-founded fear of future persecution can be established based on a pattern or practice of persecuting online writers in China.  But Huang did not raise this argument before the BIA.  His failure to exhaust this claim during the administrative proceedings "bars us, for lack of subject matter jurisdiction, from reaching the merits" of this claim on appeal.  *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

[3] Because Huang did not "specifically and distinctly argue[] and raise[]" his withholding of removal or CAT claim on appeal, those claims are waived.  *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (citation omitted).