NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MARTIN BUENROSTRO-HERNANDEZ, AKA Luis Buenrostro, AKA Osvaldo Buenrostro, AKA Luis Buenrostro Hernandez, AKA Luis Guenrostro, AKA Louis Wolfe, | No.    15-70312 |
| | Agency No. A091-837-798 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2021[**]
San Francisco, California

Before: LUCERO,[***] IKUTA, and VANDYKE, Circuit Judges.

Luis Martin Buenrostro-Hernandez (Petitioner) petitions for review of the

Board of Immigration Appeals' (BIA) January 2, 2015, final order of removal that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

dismissed his appeal of an Immigration Judge's (IJ) decision denying his applications for cancellation of removal, asylum, withholding of removal, request for protection under the Convention Against Torture (CAT), and request for a continuance. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

We review the BIA's decision affirming the IJ's denial of a continuance for abuse of discretion, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and we may overturn the BIA's decision only if it acted arbitrarily, irrationally, or contrary to law. *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011). We review the BIA's determination of purely legal questions de novo, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000), and its factual findings for substantial evidence. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). Under this deferential standard, factual findings are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1136 (9th Cir. 2021). Accordingly, in order to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). Here, the record does not compel the conclusion that the

---

[1] The parties are familiar with the facts, so we repeat them here only as necessary.

agency's decisions were incorrect.

First, substantial evidence supports the BIA's determination that Petitioner's 2002 conviction under California Health and Safety Code § 11366 renders him ineligible for cancellation of removal and asylum because it is an aggravated felony.[2] Petitioner disputes before this court whether his § 11366 conviction constitutes an aggravated felony, relying in part on ambiguity in the record from missing conviction records. But Petitioner's attorney conceded before the IJ that the § 11366 conviction was an aggravated felony and that concession is binding on Petitioner. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011) ("Absent egregious circumstances … an attorney's written admission is binding on [the] alien client and may be relied upon as evidence of [removability] when that admission is: (1) distinct and (2) formal, and made (3) by an attorney acting in his professional capacity (4) as a tactical decision.") (internal quotation marks omitted) (quoting *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986)).

Even without his counsel's binding concession, any ambiguity in the conviction record works *against* Petitioner as he bears the burden on all elements of proving his eligibility for an exception from removal. *See Marinelarena v. Garland*,

---

[2] *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (holding an aggravated felony conviction renders an alien ineligible for asylum) (citing 8 U.S.C. § 1158(b)(2)(B)(i)); *Torres v. Lynch*, 578 U.S. 452, 454 (2016) (holding an aggravated felony conviction renders an alien ineligible for cancellation of removal) (citing 8 U.S.C. § 1229b(a)(3)).

6 F.4th 975, 978 (9th Cir. 2021) (petitioner failed to meet her burden of establishing that her conviction did not involve a federally controlled substance); *Pereida v. Wilkinson*, 141 S. Ct. 754, 761–62 (2021) (emphasizing that removable petitioners seeking an exception to their removal bear the burden of establishing all elements, including that they have not been convicted of a disqualifying offense); 8 U.S.C. § 1229a(c)(4)(A).

Second, the BIA did not abuse its discretion in affirming the IJ's denial of Petitioner's continuance request. Before the IJ, Petitioner requested a continuance to pursue post-conviction relief from his § 11366 conviction. But the BIA did not abuse its discretion in affirming the IJ's denial because, as the IJ pointed out, at the time of the hearing no concrete steps had yet been taken to pursue post-conviction relief. Nor did the BIA abuse its discretion in declining to remand in light of the additional evidence Petitioner sought to introduce on appeal (the record from his 2002 criminal proceeding), as he failed to show that evidence was previously unavailable and could not have been presented to the IJ.

Third, substantial evidence supports the denial of Petitioner's application for withholding of removal because he was unable to show that he would be persecuted on account of a protected ground. *See* 8 C.F.R. § 1208.16(b). Petitioner did not present any evidence of past persecution, past torture, personal harm, or threats. Instead, Petitioner testified before the IJ that he never experienced any harm in his

previous trips to Mexico. The basis of his fear of future harm stems from the general violence in Mexico, his unsupported speculation that a cousin's disappearance is connected to cartels, and his belief that he may be targeted for gang recruitment or kidnapping as a person returning from the United States perceived as having money. None of these concerns are sufficient to satisfy his burden to obtain withholding of removal, as they do not demonstrate a particularized risk of future persecution and lack any nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Given the lack of nexus, we need not address whether Petitioner's proposed PSG consisting of "a male who is opposed to cartel and criminal violence" and "individuals taking concrete steps to oppose gang membership and gang authority" is cognizable in this case. *See Matter of L-E-A-*, 27 I. & N. Dec. 581, 584 (2019).

Finally, substantial evidence supports the BIA's conclusion that Petitioner is not eligible for CAT protection. To qualify for CAT protection, Petitioner bears the burden of proving "that 'it is more likely than not that … [he] would be tortured if removed to the proposed country of removal.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (first alteration in original) (quoting 8 C.F.R. § 208.16(c)(2)). The existence of general violence in Mexico does not compel the conclusion that,

5

upon his return, Petitioner would more likely than not experience torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2021); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

The petition for review is **DENIED**.