NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NAVJOT SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   16-73511

Agency No. A205-937-207

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2022[**]
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[***] District
Judge.

Navjot Singh petitions for review of a Board of Immigration Appeals (BIA)

decision denying his claims for asylum and withholding of removal.  We have

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Joan N. Ericksen, United States District Judge for the District of
Minnesota, sitting by designation.

jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.[1]

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018); *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) ("In so doing, we review … the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons.") (citation omitted). "Thus, we refer to the Board and IJ collectively as 'the agency.'" *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). Under substantial evidence review, we treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). Accordingly, in order to reverse the agency's finding, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Here, the agency reasonably determined that the government sufficiently rebutted any presumption of future persecution with evidence that Singh could safely and reasonably relocate within India. The evidence, including a 2012 report from the Library of Congress, supported the conclusion that relocation is feasible given Singh's own testimony that he is not a high-profile member of the Mann Party.

---

[1] Because Singh did not raise any argument with respect to the denial of his CAT claim, it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

Although Singh testified that he continues to support the Mann party and believes that he will be "traceable" as a Sikh if he relocates, the record does not compel a conclusion different than the agency's because substantial evidence—including reports in the administrative record that refute Singh's concern—supports the finding that Singh could safely and reasonably relocate within India. *See INS v. Ventura*, 537 U.S. 12, 18 (2002) (noting that asylum is ordinarily unavailable if an applicant can safely relocate to another part of his home country) (citing 8 C.F.R. § 208.13(b)(1)(i)).

Because substantial evidence supports the agency's determination that internal relocation is possible and reasonable, the BIA likewise did not err in affirming the Immigration Judge's dismissal of Singh's application for withholding of removal on that basis. *See* 8 C.F.R. § 1208.16(b)(2) (relocation is relevant to assessing eligibility for withholding of removal and the likelihood of future persecution); *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) ("When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, *and* his or her claim for withholding of removal.") (citing *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999, 1001 n.5 (9th Cir. 2003)). Accordingly, we deny Singh's petition.

**PETITION DENIED**.

3