NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NESLY MARIELA CARPIO-BATRES; ANDERSON DAVID RAMIREZ-CARPIO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   17-71235 <br><br> Agency Nos.   A208-447-788 <br> A208-447-789 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022**
San Francisco, California

Before:  W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Petitioners Nesly Carpio-Batres and Anderson Ramirez-Carpio seek review

of a Board of Immigration Appeals (BIA) decision dismissing Petitioners' appeal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from denial of asylum and withholding of removal by an Immigration Judge (IJ).[1]

We have jurisdiction under 8 U.S.C. § 1252. Reviewing the factual findings in the BIA's decision and the parts of the IJ's decision adopted by the BIA, *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000), for substantial evidence, *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019), we deny the petition.

1.      In denying asylum and withholding of removal, the BIA affirmed the IJ's conclusion that Petitioners' putative particular social groups of Guatemalan single mothers and single mothers in Guatemala who have family ties in the United States are not cognizable. The BIA also concluded that Petitioners established no nexus between these putative particular social groups and past harm or a well-founded fear of future harm in Guatemala.

Petitioners do not raise in this court any challenge to the IJ's cognizability findings. This omission is fatal to Petitioners' claim because non-citizens seeking asylum or withholding of removal based on particular social group membership must set out a cognizable particular social group. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). And "[w]e will not manufacture arguments for [a petitioner]." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). We deny the petition on forfeiture grounds. *See Etemadi v. Garland*, 12 F.4th 1013, 1026 (9th

---

[1]      Anderson Ramirez-Carpio withdrew his separate application for relief, but he remains a derivative beneficiary on his mother's application.

Cir. 2021) ("[F]orfeiture is the failure to make a timely assertion of a right, whereas waiver is the intentional relinquishment or abandonment of a right." (quoting *Claiborne v. Blauser*, 934 F.3d 885, 893 (9th Cir. 2019))).

In any event, even assuming that Petitioners set out a cognizable particular social group, they did not make the requisite "show[ing] that there is a nexus between [the purported] mistreatment and a protected ground." *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015) (internal quotation marks and citation omitted); *see also Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (discussing the nexus requirement for withholding of removal). Petitioners' bare assertion that such a nexus exists is insufficient to warrant relief. *See Greenwood*, 28 F.3d at 977. We deny the petition for the independent reason that Petitioners abandoned their arguments with regard to the agency's nexus finding. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

We further conclude that the agency properly determined that Nesly Carpio-Batres's status as a Guatemalan single mother is not a reason, much less one central reason, why she was extorted there. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) ("[W]here 'there was no nexus at all,' we draw 'no distinction between the "one central reason" phrase in the asylum statute and the "a reason" phrase in the withholding statute.'" (quoting *Barajas-Romero v. Lynch*, 846 F.3d

3

351, 360 (9th Cir. 2017))).  She testified that this exchange took place during her initial phone call with her extorters: "And I asked them why?  Why do you want us to give you money?  And they said we know everything that you have.  And we know that your family send you money."  The BIA validly concluded from this testimony that the extortion Nesly Carpio-Batres allegedly suffered in Guatemala was merely the product of "random criminal acts and a desire for money by the gang," and not the fact she was a single mother.  This conclusion that Petitioners have not shown any nexus between their purported extortion in Guatemala and any protected ground is supported by substantial evidence.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  And, to the extent that Petitioners claim their extorters' alleged death threats and armed attack inside their home in Guatemala constitutes past persecution and necessarily establishes a well-founded fear of future persecution, this assertion is unavailing for lack of a nexus to a protected ground. *See id*.  We deny the petition for the separate reason that substantial evidence supports the BIA's determination that Petitioners did not establish a nexus between their putative particular social groups and the harm they purportedly suffered or fear in Guatemala. *See id*.

2.     Petitioners did not discuss their Convention Against Torture claim in their opening brief, and as a result they forfeited any challenge to the agency's decision with regard to this issue.  *See Etemadi*, 12 F.4th at 1026.

**PETITION DENIED.**