NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZHENKUN ZHANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-73053

Agency No. A206-533-568

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 28, 2023[**]
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Zhenkun Zhang ("Petitioner"), a native and citizen of the People's Republic

of China, seeks review of a decision of the Board of Immigration Appeals ("BIA")

affirming the denial by an immigration judge ("IJ") of his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.[1]

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019)). The agency's factual findings, including adverse credibility determinations, "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013) ("Credibility determinations are reviewed for substantial evidence.").

The BIA upheld the IJ's adverse credibility determination on three grounds. The second and third grounds were based on omissions and apparent inconsistencies that cannot serve as the basis for the adverse credibility determination because Petitioner was never offered the opportunity to explain them.[2] *See Barseghyan v. Garland*, 39 F.4th 1138, 1145 (9th Cir. 2022) ("Before

---

[1] Petitioner does not present any arguments challenging the denial of CAT protection and has thus forfeited that claim. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018).

[2] The second ground that the BIA held supported finding Petitioner's testimony not credible was a letter from his ex-wife that corroborated some aspects of his 1993 detention but did not mention injuries he allegedly sustained or that she was forced to abort their child while he was under arrest. The third ground that the BIA held supported finding Petitioner's testimony not credible was that he testified that he could not move from where he was persecuted, but on cross examination he testified that he lived in Spain from November 2004 until 2007 and traveled to

relying upon a purported inconsistency to make an adverse credibility determination, the fact finder must provide the applicant with an opportunity to explain each inconsistency."); *Lai v. Holder*, 773 F.3d 966, 974 (9th Cir. 2014). Therefore, only one basis for the adverse credibility determination—the first ground—remains for our review.

The first ground that the BIA held supported finding Petitioner's testimony not credible was that Petitioner's asylum declaration omitted key events in the twenty years between his first arrest in 1993 and his second arrest in 2013. At the merits hearing, Petitioner testified in detail about how events from 2003 to 2013 related to his persecution in 1993 and his decision to leave China.[3] The IJ asked Petitioner about the discrepancy between his asylum statement and his testimony, and rejected his explanation that he wrote his asylum application in "general terms." The IJ explicitly concluded that Petitioner was embellishing his story in

_____

several countries, including the United States, for work. The BIA further noted that Petitioner "did not mention his extended residence in Spain in his asylum application."

[3] In sum, Petitioner testified that in 2003 he heard the prosecutor's office had established a Charge and Complaint Department, and he went to see the Director and told him about his false arrest in 1993. Petitioner then returned to the Charge and Complaint Department once a month until 2013. During that time, Petitioner was told to stop making complaints and threatened with further jail time, but he continued to petition for redress. Eventually, he was told his case had been cancelled, but that he could not recover his bail money. Petitioner then threatened to press charges in court if the matter was not favorably resolved. In 2013, while he was looking for a lawyer and preparing to press charges, police came to his work, arrested, detained, and beat him.

3

his testimony, and that this weighed against finding him credible. We are not compelled to reach a differing conclusion and thus substantial evidence supports the first ground for the agency's adverse credibility determination. *See Bassene*, 737 F.3d at 536.

However, we cannot be confident that the BIA would have upheld the adverse credibility determination on this basis alone and therefore we remand for the BIA to consider Petitioner's credibility under the totality of the circumstances and for any necessary further proceedings consistent with this decision. *See Alam v. Garland*, 11 F.4th 1133, 1135–36 (9th Cir. 2021) (en banc) (rejecting rule that single ground for adverse credibility is always sufficient).

**PETITION GRANTED.**[4]

---

[4] Each party shall bear their own costs.