NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PASCUAL SUY SUY,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 21-1224

Agency No.
A206-407-730

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Petitioner Pascual Suy Suy, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an Immigration Judge's ("IJ") decision denying his application for asylum,

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Suy Suy claimed that he faced economic persecution in Guatemala because he is an indigenous Mayan, and that he feared returning to Guatemala because of poverty and gang violence. The IJ found Suy Suy statutorily ineligible for asylum because he submitted his application outside the one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2).[1] The IJ also found that Suy Suy did not carry his burden of proving membership in the proposed particular social group "Guatemalan indigenous persons" because he "provided no identity documents" confirming that he is either a citizen of Guatemala or Mayan. Notwithstanding this finding, the IJ concluded that the harm Suy Suy suffered constituted "discrimination, but not persecution," so denied Suy Suy's request for withholding of removal. The BIA "adopt[ed] and affirm[ed]" the IJ's denial of withholding of removal, and "affirm[ed]" the denial of CAT protection.

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). "We review the agency's factual findings under the extremely deferential substantial-evidence standard, under which we treat such findings as

---

[1] Suy Suy does not appeal the agency's determination that he is statutorily ineligible for asylum. The issue is therefore waived. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 n.1 (9th Cir. 2010).

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (internal quotations omitted).

"Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Here, the IJ found Suy Suy's credible testimony insufficient to prove his membership in the "Guatemalan indigenous persons" particular social group and noted the lack of corroborating identification documents. The IJ erred by failing to allow Suy Suy "an opportunity to either provide that corroboration or explain why he [could not] do so." *Ren v. Holder*, 648 F.3d 1079, 1090–92 (9th Cir. 2011). This error is harmless, however, because the agency ultimately determined that, even if Suy Suy established membership in his proposed social group, he still failed to show a nexus between his fear of persecution and his membership in that group. *Cf. Bhattarai v. Lynch* 835 F.3d 1037, 1043 (9th Cir. 2016).

Moreover, substantial evidence supports the agency's determination that Suy Suy failed to demonstrate a "clear probability" of future persecution.[2] *See Aden v.*

---

[2] There is an intra-circuit split concerning the standard of review applicable to the agency's determination that a "particular set of facts does or does not rise to the level of persecution." *See Fon v. Garland*, 34 F.4th 810, 816 (9th Cir. 2022) (Graber,

*Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021). We have emphasized that persecution "is an extreme concept that means something considerably more than discrimination or harassment," *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and have cabined relief on the basis of economic deprivation to these "extreme" circumstances. *See, e.g.*, *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 (9th Cir. 2004) (finding persecution where the government individually targeted, harassed, and attacked petitioner making it "virtually impossible for [petitioner] to earn a living"). While "substantial economic deprivation that constitutes a threat to life or freedom can constitute persecution," *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006), Suy Suy's concerns about finding work and his fear of living in poverty do not "rise to the level of persecution." *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004). Suy Suy testified that he worked in the fields for three months of the year and found other work during the remaining months, which supports the determination that the harm he fears is "not the type of economic deprivation that rises to the level of persecution." *See Nagoulko v. INS*, 333 F.3d

---

J., concurring); *id.* at 820 (Collins, J., concurring); *compare Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (de novo) *with Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (substantial evidence). We need not resolve this issue, however, because no matter the standard of review, Suy Suy has not established a clear probability of future persecution.

1012, 1016 (9th Cir. 2003); *He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (finding no persecution where applicant "was able to continue working").[3]

Substantial evidence also supports the BIA's denial of CAT relief because Suy Suy failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. Suy Suy presented Country Conditions reports to support his argument that the Guatemalan government cannot control violence and acquiesces in the persecution of its citizens. But "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Suy Suy provided no "*particularized and non-speculative* risk of torture." *Id*. The Country Conditions reports were "insufficient to show that individually" Suy Suy would more likely than not be tortured if removed to Guatemala. *See Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021).

**PETITION DENIED.**

---

[3] This is not to say a finding of persecution requires "an absolute inability to support oneself or one's family." *Gormley*, 364 F.3d at 1178.