NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS LAUREANO TOMAS GASPAR, | No. 21-70045 |
| Petitioner, | Agency No. A074-790-194 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025**
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.***

Jesus Laureano Tomas Gaspar, a native and citizen of Guatemala, petitions

for review of an order by the Board of Immigration Appeals (BIA) dismissing his

appeal from the denial by an Immigration Judge (IJ) of his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Because the BIA conducted its own analysis of the evidence and issued its own opinion, "[w]e review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019)). We examine the BIA's factual findings for substantial evidence, taking "such findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

1. The BIA affirmed the IJ's determination that Petitioner was not credible because he gave official statements to immigration officers in 2009 and 2019 disclaiming a fear of persecution or torture in Guatemala. Petitioner argues that the BIA erred because the (1) official immigration forms containing his two prior statements were inaccurate and unreliable and (2) an adverse credibility finding was otherwise unsupported by substantial evidence. Neither argument is persuasive.

"[I]nformation on an authenticated immigration form is presumed to be reliable in the absence of evidence to the contrary presented by the [petitioner]." *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995). Here, Petitioner makes no such

showing. Aside from whether he asserted a fear of harm about returning to Guatemala, Petitioner conceded that the information contained in both immigration forms was entirely accurate. Moreover, the 2019 immigration form containing Petitioner's statement has multiple indicia of reliability, including that it shows: the statement was sworn, Petitioner was asked questions in Spanish, Petitioner was asked in two separate ways whether he had a fear of return to Guatemala, and Petitioner reviewed the contemporaneous notes of the interview and signed the form on the same day that the interview occurred. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020) (providing that a sufficient indicia of reliability exists when an interview is "conducted under oath, with contemporaneous notes containing the questions asked, and transcribed either by a [native language]-speaking officer or with the aid of an interpreter").

Whether Petitioner feared that he would be harmed upon return to Guatemala goes to the heart of Petitioner's applications for relief. Although Petitioner attempted to explain his contradictory prior statements, the BIA was not obligated to accept his explanations. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021). Thus, Petitioner's prior statements disclaiming such a fear constituted substantial evidence supporting the BIA's adverse credibility determination. *See id.*

at 960–61 (upholding an adverse credibility finding where petitioner submitted false information in her applications).

2. The BIA affirmed the IJ's alternative holding that Petitioner's applications for asylum and withholding of removal failed because Petitioner, even if credible, did not establish a nexus between either his alleged past harm or feared future harm and a statutorily protected ground. Petitioner challenges the BIA's affirmation, arguing that guerilla groups have targeted him and continue to target him because of either his "defiance," an imputed political opinion, or membership in a particular social group.

"For both asylum and withholding claims, a petitioner must prove a causal nexus between one of [his] statutorily protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1097 (9th Cir. 2011) (citations omitted). But "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Here, we find that substantial record evidence supports the BIA's finding that the guerilla groups targeted Petitioner due

to their desire to "grow the group's ranks or increase their money through extortion."

3. The BIA affirmed the IJ's denial of Petitioner's application for CAT protection "for the reasons set forth by the [IJ]." The IJ held that Petitioner's application for CAT protection failed because of the adverse credibility finding and because, even if credible, Petitioner failed to show a likelihood that he would be tortured in Guatemala either by the government or with its consent or acquiescence. Petitioner summarily argues that the BIA erred because the IJ's determination was contrary to the evidence.

To establish CAT protection, an applicant must show both a clear probability that he will be tortured in the future and that any harm to him would be inflicted by or with the consent or acquiescence of a public official or other person acting in an official capacity. *Velasquez-Gaspar*, 976 F.3d at 1065. We see no error in the BIA's affirmation of the IJ's conclusion that Petitioner, who relies only on his statements and country condition evidence, failed to present compelling evidence as to either of these grounds.

**PETITION DENIED.**[1]

---

[1] The stay of removal, Dkt. 1, shall dissolve on the issuance of the mandate. The motion for stay of removal, Dkt. 5, is otherwise denied.