NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARGHY JULIETH ARTEAGA SILVA; R. S. C. A.; L. D. A. S., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5089 <br><br> Agency Nos. <br> A241-749-618 <br> A241-749-619 <br> A241-749-620 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026[**]
Pasadena, California

Before: BENNETT, KOH, and MENDOZA, Circuit Judges.

Petitioners, Marghy Julieth Arteaga Silva and her two minor daughters, are

natives and citizens of Colombia.[1]  They petition for review of an order of the Board

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel previously granted Respondent's unopposed motion to submit this case on the briefs and record (Dkt. No. 23).

[1] The minor Petitioners sought asylum as derivative beneficiaries.  They also filed their own applications for asylum, withholding of removal, and protection

of Immigration Appeals (BIA) dismissing their appeal of an immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under CAT.

"We review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019)). We generally "review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (citation modified). "We review legal questions, including questions of statutory interpretation, *de novo*." *Lopez v. Garland*, 116 F.4th 1032, 1036 (9th Cir. 2024).

We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.   The agency did not err in denying Petitioners' applications for asylum and withholding of removal. When an applicant seeks asylum or withholding of removal based on membership in a "particular social group" (PSG), the applicant must demonstrate (1) "the existence of a cognizable [PSG]," (2) "his membership in that [PSG]," and (3) "a risk of persecution on account of his membership in the specified [PSG]." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (B.I.A. 2014)). "[T]o establish that a proposed

under the Convention Against Torture (CAT) based on the same material facts as the adult Petitioner's application. The agency considered Petitioners' applications together, so we do the same here.

social group is cognizable for purposes of withholding of removal, an applicant must show that the proposed social group is '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). The BIA's conclusion regarding whether there is evidence of these factors "is a question of fact that we review for substantial evidence." *See id.* at 1242. But the ultimate question—whether, given those facts, there is a PSG—is a legal question. *See id.*

The BIA did not err in concluding that Petitioners failed to establish membership in a cognizable PSG. The BIA concluded that the first proposed PSG, women who are vulnerable to criminal groups and gangs, and who are not protected by the government, lacks particularity and social distinction. Petitioners have failed to show that the record compels a contrary conclusion. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016–17 (9th Cir. 2023). The BIA also determined that the second proposed PSG, business owners, is not cognizable because owning a small business is not a shared characteristic that is immutable or fundamental to one's identity or conscience. We find no error in that conclusion. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021) ("[B]eing a wealthy business

owner is not an immutable characteristic because it is not fundamental to an individual's identity.").

2.    The agency also did not err in denying Petitioners' application for relief under CAT.  To establish entitlement to CAT protection, an applicant must show, among other things, that she would face torture "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" in the proposed country of removal.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).  The BIA upheld the IJ's finding that Petitioners failed to demonstrate that, if returned to Colombia, they would more likely than not be tortured with government acquiescence.  We review the agency's determination that a petitioner did not show a likelihood of torture with government acquiescence for substantial evidence.  *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1222 (9th Cir. 2022).

Substantial evidence supports the agency's determination that Petitioners failed to show a likelihood of their torture with government acquiescence.  The agency found that there was insufficient information in the record to conclude either that criminal gang members would have carried out the death threats lodged against Petitioners, or that criminal gang members were acting with the consent, acquiescence, or willful blindness of a public official or other person acting in an

official capacity. The evidence did not compel a contrary conclusion. Though adult Petitioner testified that she observed one police officer interact in a friendly manner with a criminal gang member, that interaction does not compel the conclusion that a government official is likely to consent or acquiesce in Petitioners' torture upon their return to Colombia. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[G]eneral ineffectiveness on the government's part to investigate and prevent crime [does] not suffice to show acquiescence."). And though country condition reports show some credible reports that Colombian government officials have employed torture and related abuses, the evidence in the record does not compel the conclusion that Petitioners would be subject to torture or any similar abuse.

3.      Petitioners argue that, under *Loper Bright Enterprises*[2], we must repudiate the BIA's precedents defining the statutory term "particular social group." In *Reyes*, we deferred under *Chevron* to those BIA precedents. 842 F.3d at 1135. Petitioners' argument fails because "the Supreme Court has instructed that *Loper Bright Enterprises* does not 'call into question prior cases that relied on the *Chevron* framework.'" *Lopez*, 116 F.4th at 1045 (quoting *Loper Bright Enters.*, 603 U.S. at 412). We thus "lack the authority to overrule" *Reyes*, an "existing circuit precedent" which "binds us, and forecloses [Petitioners'] argument." *See id.*

---

[2] *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (overruling *Chevron, U.S.A., Inc. v. Natural Resource Defense Council*, 467 U.S. 837 (1984)).

The temporary stay of removal remains in place until the mandate issues.  The motion for a stay of removal (Dkt. No. 2) is otherwise denied.

**PETITIONS DENIED.**